## No. 40

### CLEVELAND FIRE. CONST. CO. v. CLEVELAND (City)

No. 19451. Supreme Court

On motion to certify. Dock. Nov. 30, 1925; 3 Abs. 754.

287. CONTRACTS—Where a construction contract provides that a claim for damages for delay must be filed within 72 hours after the damages arise, is it a question of fact for the jury to determine whether or not the claim is filed within the time stipulated?

On February 6, 1919, the Cleveland Fireproof Construction Co. entered into a contract wherein, for a certain consideration, it agreed to complete concrete walls and fire proofing for the Public Hall Building, Cleveland, within one hundred calendar days, the contract stating, "That time was of the essence of the contract."

It was provided that this work was to proceed in conjunction with the erection of the structural steel frame work of the building. The Construction Co. was to be given possession of the site by February 6, 1919, but possession was not so given. The city failed to proceed and complete the structural work according to the time schedule specified in the contract, thereby rendering the company unable to perform its work under the contract.

In July, 1919, parties to the suit and all contractors, pursuant to an action for an injunction brought by an adjoining property owner, were restrained by an order of the Cuyahoga Common Pleas from performing any further work on the West side of said building because the building was being erected on a street which had not been duly vacated and acquired for this purpose. This order remained in force until December 4, 1919. Thereafter a new city architect ordered all construction work to stop until further notice, which further delayed the company's performance six weeks. On July 16, 1920, the company finished its work and on July 10, 1920 gave written notice of its claim for damages arising from aforestated delays.

The trial court arrested the case from the jury and, upon motion, the city instructed the jury to return a verdict for it on the ground that written notice of a claim for damages was not given within 72 hours after such damage occurred as provided by the contract.

It is contended that the court erred in directing a verdict on the following grounds:

1. The Company did give written notice of its claim for damages for delays within the time provided by the contract.

2. Whether written notice of its claim for damages for delays was given within 72 hours was a question of fact for the jury.

3. That the stipulation as to the time within which a written notice for damages for delays was to be given did not apply to delays caused by the city.

4. The 72 hour period stipulated in the contract for filing a claim for damages for delays was unreasonable and should have been so declared or left for the jury to determine its reasonableness and application.

Attorneys—Robert D. Godfrey for Company; Carl F. Shuler for City; both of Cleveland.

## No. 41

### BACKBELLA v. STATE

No. 19528. Supreme Court

On motion for leave to file petition in error Dock. Jan. 2, 1925.

661. INTOXICATING LIQUORS—Is one tried and convicted on the charge of having and possessing a still, and later tried and convicted on a charge of manufacturing distilled liquor as a result of the same act, twice put in jeopardy for the same offense?

In November, 1923, Backbella was convicted by the Mayor of St. Clairsville for having and possessing one complete still. In April, 1925, Backbella was indicted on the charge of "manufacturing distilled liquor, to-wit: whiskey." The accused filed a plea to the indictment setting forth the constitutional guarantee under Section 10, Article 1, of the Constitution providing that no person shall twice be put in jeopardy for the same offense. The State's demurrer to this plea was sustained and pursuant to a trial in the Belmont Common Pleas, Backbella was convicted.

It appears that the accused owned a large building having several apartments with a separate cellar under each apartment and that in the cellar of one of the apartments which was rented to one Ignatz a still in operation was found together with mash and other liquids and materials. Ignatz disappeared the day the still was discovered.

At the trial the state offered testimony concerning Backbella's statements, during the trial in the Mayor's court, admitting the possession of a still. A copper can was offered in evidence as a still—there being no accessories to the can necessary for distilling. Testimony was offered concerning the alcholic content of liquid which had not been analyzed.

It is contended that the court erred in sustaining the State's demurrer because Backbella was in law and in fact twice put in jeopardy for the same offense. It is also contended that the trial court erred in admitting any evidence as to what occurred at the trial in the Mayor's court and also in admitting all evidence and testimony above referred to on the ground of incompetency.

Attorneys—N. K. Kennon, for Backbella; Herbert W. Mitchell, Pros. Atty., for State; both of St. Clairsville.